Cross & Brown Company against Hegeman & Co. of New York. S. Graham, of New York City, for appellant. S. P. Anderton, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

In re CROUSE-HINDS CO. (Supreme Court, Appellate Division, First Department. October 31, 1913.) In the matter of the Crouse-Hinds Company. No opinion. Order reversed, with $10 costs and disbursements, and motion to change place of trial to Onondaga county granted. Order filed.

In re CRUGER AVE. (Supreme Court, Appellate Division, First Department. October 31, 1913.) In the matter of Cruger Avenue, etc. No opinion. Motion denied, with $10 costs. Order filed.

In re CUNNINGHAM. (Supreme Court, Appellate Division, First Department. November 14, 1913.) In the matter of Daniel Cunningham. No opinion. Motion granted, unless appellant complies with terms stated in order. Order filed. See, also, 76 Misc. Rep. 120, 136 N. Y. Supp. 922.

In re CUVILLIER (three cases). (Supreme Court, Appellate Division, First Department. October 24, 1913.) In the matter of Louis A. Cuvillier. No opinion. Orders affirmed. Orders filed.

CYPRESS v. UNITED STORES REALTY CO. (Supreme Court, Appellate Division, First Department. October 17, 1913.) Action by Herman Cypress against the United Stores Realty Company. No opinion. Motion to dismiss appeal denied. Order filed. See, also, 143 N. Y. Supp. 1112.

CYPRESS, Appellant, v. UNITED STORES REALTY CO. et el., Respondents. (Supreme Court, Appellate Division, First Department. October 17, 1913.) Action by Herman Cypress against the United Stores Realty Company and others. M. H. Hochdorf, of New York City, for appellant. C. Levy and A. Furber, both of New York City, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 143 N. Y. Supp. 1112.

In re DAGGETT et al. (Supreme Court, Appellate Division, Third Department. September 10, 1913.) In the matter of the application of W. C. Daggett and others to lay out a highway in the town of Southport, N. Y., and assess the damages therefor.

PER CURIAM. Final order affirmed, with costs.

SMITH, P. J. not voting.

DALY, Respondent, v. OTIS ELEVATOR CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 31, 1913.) Action by Joseph P. Daly against the Otis Elevator Company, a corporation. No opinion. Order affirmed, with $10 costs and disbursements.

DAVIS v. LONG ISLAND R. CO. (Supreme Court, Appellate Term, First Department. November 13, 1913.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Sadie Davis against the Long Island Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and complaint dismissed. Joseph F. Keany, of New York City (Edward Kelly, of New York City, of counsel), for appellant. Charles S. Rosenthal, of New York City, for respondent.

SEABURY, J. Plaintiff sued to recover damages for personal injuries sustained by her while a passenger upon one of the trains of the defendant. While plaintiff was seated in the car, a person not shown to be an employé of the defendant entered the car and dropped a board which he was carrying, upon the plaintiff's foot. It is for the injury thus caused that the plaintiff has recovered judgment. There is no evidence to show that the person who dropped the board was an employé of the defendant, and no evidence to show that the servants of the defendant in charge of the car were guilty of any act of negligence. It follows that the judgment must be reversed, with costs, and the complaint dismissed, with costs, without prejudice. All concur.

In re DAY. (Supreme Court, Appellate Division, Fourth Department. July 8, 1913.) In the matter of Moses T. Day, an attorney and counselor at law. No opinion. Petition granted, and order entered disbarring the said Moses T. Day, and removing him from his office as attorney and counselor at law, and forbidding his practice as such.

DE BRUYN, Appellant, v. HILFIKER et al. Respondents. (Supreme Court, Appellate Division, Fourth Department. January, 1913.) Action by Cornelius A. De Bruyn against Louis W. Hilfiker and others. No opinion. Judgment reversed, and new trial granted, with costs to appellant to abide event. Opinion by FOOTE, J., withheld from publication by direction of the court. All concurred.

DEC, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 31, 1913.) Action by Brunislaw Dec against the Brooklyn Heights Railroad Company.

PER CURIAM. Judgment and order of the County Court of Queens County reversed, and a new trial ordered, costs to abide the event, inasmuch as the plaintiff did not sustain the burden of establishing negligence of the defendant. Evidence of loss of profits on a contract was not admissible as damages for personal injuries, unless plaintiff also gave proof that such injuries prevented performance of the contract, or receipt of profits thereof, or diminished them.